The Honorable Ray Kidd State Representative 3718 Highway 463 Jonesboro, Arkansas 72404-9612
Dear Representative Kidd:
I am writing in response to your request for an opinion on whether two provisions of a Jonesboro city ordinance are consistent with state law. Specifically, you recite the following information and pose the following question:
 Many years ago, Jonesboro, under authority of specific state statutes, created an Airport Commission (A.C.A. § 14-359-101 et seq.), and participated in a Solid Waste Authority (A.C.A. § 8-6-701). As to the Airport Commission, section 105 states ". . . the commissioners shall be appointed by the Mayor and confirmed by three fourths (3/4) vote of the elected and qualified members of the City Council." Section 703 of the Solid Waste Authority law states ". . . the Mayor, with the confirmation by the governing body of each city entitled to a representative in the district, shall appoint one (1) member."
 On September 5, 2006, the City Council adopted Ordinance No. 3663. Section three of the ordinance says "two (2) members of the Municipal Airport Commission shall be members of the governing body; and at least one of the council members shall be a member of the Finance Committee." *Page 2 
 Similarly, Section 6 of the Ordinance says "two members of the Solid Waste Authority shall be members of the governing body; and at least one council member shall be a member of the Finance Committee."
 My question is whether it is legal for the council to restrict the mayor's appointment power as authorized by the state.
RESPONSE
In my opinion, to the extent the relevant ordinance requires the appointment of city council members to the Airport Commission and Solid Waste Authority without express statutory authorization, such ordinance is contrary to law. See A.C.A. § 14-42-107.
You have not enclosed a copy of the ordinance to which you refer, but I assume the relevant provisions are excerpted accurately above. The state law addressing the first entity you mention (the Airport Commission), is found at A.C.A. § 14-359-104 and-105 (Supp. 2007). Section 14-359-104
provides for a seven-member commission. As you note, section 105 states that:
 (a) The commissioners shall be appointed by the mayor and confirmed by a three-fourths (3/4) vote of the elected and qualified members of the city council.
No mention is made in this statute of city council members being appointed to serve on the Airport Commission. You state, however, that the relevant ordinance provides that "two (2) members of the Municipal Airport Commission shall be members of the governing body. . . ."
Municipalities may not pass local ordinances that are contrary to the laws of the state. See Arkansas Constitution, art. 12, § 4 ("No municipal corporation shall be authorized to pass any laws contrary to the general laws of the state . . ."). In my opinion the portion of the ordinance quoted above violates A.C.A. § 14-42-107(a)(2), which provides as follows:
 (2) No alderman or council member shall be appointed to any municipal office, except in cases provided for in § 14-36-101 *Page 3 
et seq. — 14-61-101 et seq., during the time for which he or she may have been elected.
In my opinion the position of Airport Commissioner is clearly a "municipal office" to which this prohibition applies. See Op. Att'y Gen.2005-013 (municipal airport commissioner is a municipal "officer"). Section 14-42-107 thus clearly prohibits a city council member from being appointed to the Airport Commission during his term as city council member. See Op. Att'y Gen. 2005-013 (a member of the city council cannot be appointed to a municipal airport commission during his or her tenure on the city council in light of A.C.A. § 14-42-107).See also, Op. Att'y Gen. 1987-395 (municipal ordinance stating that all commissioners appointed to oversee the water, sewer, streets, alleys, parks, police and fire departments "shall be the aldermen of the . . . city council" was in direct conflict with A.C.A. § 14-42-107 and was thus contrary to state law).
With regard to the exception in the statute above for "cases provided for in § 14-36-101 et seq. — 14-61-101 et seq.," I have not found any other statutory provision, within A.C.A. § 14-36-101 — 14-61-101 or otherwise, that would authorize such simultaneous service. As a consequence, in response to the first part of your question, an ordinance requiring the appointment of a city council member to serve on the Airport Commission is contrary to state law and is not "legal."
With regard to the second issue you raise (the "Solid Waste Authority"), you refer to A.C.A. § 8-6-703 as the authorizing statute for that entity. That statute is found in a subchapter addressing the eight "regional solid waste management districts" and the boards appointed to govern them. The boards governing these regional entities are comprised of: 1) representatives of the counties, 2) representatives of all first class cities with a population over 2,000, and 3) representatives of the largest city of each county within the district. A.C.A. § 8-6-703(b)(1). Subsection (b)(2) of the statute addresses the appointment of board members as follows:
 (2) The county judge of each county within the district and the mayor of each city entitled to a representative in the district shall serve on the board, unless the county judge or mayor elects instead to appoint a member as follows:
 (A) The county judge, with confirmation by the quorum court of each county within the district, shall appoint one (1) member to the board; and *Page 4 
 (B) The mayor, with confirmation by the governing body of each city entitled to a representative in the district, shall appoint one (1) member.
This statute thus gives the mayor of each included city the authority to appoint one member to the regional board. I am uncertain whether this subchapter is in fact the controlling one with respect to your question, due to your characterization of the entity in question as a "Solid Waste Authority," rather than as a "regional solid waste management board." Additionally, the statute above authorizes each mayor to appoint one member to the regional board, and you recite that the ordinance in question requires "two members of the Solid Waste Authority [to] be members of the governing body. . . ." I am thus uncertain as to whether your question in this regard actually refers to a "regional solid waste management board" under A.C.A. § 8-6-703, or whether perhaps some other law, such as A.C.A. § 14-233-101 to-122, is actually the applicable subchapter. See Op. Att'y Gen. 99-021 (discussing the various entities authorized to govern solid waste disposal). In any event, to the extent the members of the Solid Waste Authority to which you refer are municipal "officers," and their service on the Solid Waste Authority is not otherwise provided for by statute, in my opinion A.C.A. § 14-42-107
prohibits a city council member from being appointed to the Solid Waste Authority. In my opinion, therefore, as with the Airport Commissioners discussed above, an ordinance providing for the appointment of city council members to serve on the Solid Waste Authority is contrary to state law.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General